UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEMONT LOVE,

    Plaintiff,

v.

CITY OF NEW BRUNSWICK et al.,

    Defendants.

Civ. No. 16-2586 (FLW) (DEA)

**MEMORANDUM AND ORDER**

Plaintiff, Lemont Love ("Love" or "Plaintiff"), filed a *pro se* Complaint alleging claims under 42 U.S.C. §§ 1983 and 1985, under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), and under state law. (ECF No. 1.) The Court, upon screening the Complaint under 28 U.S.C. § 1915(e)(2)(B), dismissed Love's federal claims without prejudice and declined to exercise supplemental jurisdiction over his state-law claims. (*See* ECF Nos. 3 & 4.)

Love thereafter filed an informal request for reconsideration of the Opinion and Order dismissing his claims. (ECF No. 5.) Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). A party seeking reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v.*

*Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Thus, the movant has the burden of demonstrating one of three bases for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its original decision]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

In seeking reconsideration, Love contends that the Court erred by declining to apply the discovery rule to extend his time to assert a claim for selective enforcement. (ECF No. 5.) Although the arrest that Love seeks to challenge occurred in April 2009, and Love did not file his Complaint until seven years later, Love alleges that he could not have raised a selective-enforcement claim earlier, as he did not learn of a pattern of discriminatory law enforcement until seeing a report that was issued in January 2016. (*See id.*) Love acknowledges, however, that "at the time of [his] arrest, [he] knew [his] arrest, the forced used and the false charges were illegal." (*Id.*)

Love explicitly argues that the Court's dismissal of his selective-enforcement claim was an error of law; he does not identify any other basis for reconsideration, such as an intervening change in law or new evidence. (*See id.*) Love's informal reconsideration application fails to make any showing that could warrant the Court's reconsideration of its prior Opinion and Order, and it is merely an attempt to reargue issues that the Court has already addressed and rejected. As previously noted by the Court, Love has acknowledged that he "knew at the time of the incident that . . . his arrest[] and the search of his person and vehicle were illegal." (ECF No. 3 at 14.) He admits this point in his reconsideration application. (*See* ECF No. 5.) Love offers no way to distinguish this case from the Third Circuit's decision in *Williams v. Trenton Police*

*Department*, 591 F. App'x 56 (3d Cir. 2015), in which the Court of Appeals found the discovery rule inapplicable where the plaintiff "knew of the potential for the illegality of the arrest the same night," though he did not learn of alleged selective-enforcement policies many years later. *See id.* at 58. Neither does Love identify any legal authority contrary to the Court's prior reasoning. Accordingly, Love demonstrates no clear error of law, and reconsideration is denied.

When the Court previously dismissed Love's claims without prejudice, it granted him 30 days to file an amended complaint to cure the deficiencies in his federal claims. (ECF No. 4.) Over a year has elapsed since that time, and Love has filed no amended complaint. Accordingly, this case will be closed.

Accordingly, IT IS, on this 10 day of July 2019,

ORDERED that the Clerk of the Court shall REOPEN this case, solely for the purpose of resolving the present application for reconsideration; and it is further

ORDERED that Plaintiff's application for reconsideration of the Court's prior Opinion and Order dismissing the Complaint without prejudice, (ECF No. 5), is DENIED; and it is further

ORDERED that, as Plaintiff has not filed a proposed amended complaint within the time previously set by the Court, the Clerk shall mark this action as CLOSED; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on Plaintiff by regular U.S. mail.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
U.S. Chief District Judge